# White *v.* Williams.

### *Action against Tax Assessor for Printing.*

*Liability of county tax assessor for printing.* — The printing necessary for the office of the county tax assessor is not to be done at his expense; yet, if he contract for it, he is primarily liable to the printer, unless there is an understanding between them to the contrary.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. M. J. SAFFOLD.

JOHN WHITE, for appellant. — 1. When a public agent acts in the line of his duty, and by legal authority, his contracts on account of the government are public, and not personal. *Hodgson* v. *Dexter*, 1 Cranch, 345 ; *Parks* v. *Ross*, 11 Howard, 362 ; Story on Agency, §§ 302–5.

2. Even if the county were a mere corporation, there was certainly evidence tending to show that, in contracting this debt, the defendant acted only as an agent, and within the scope of his authority, and that the plaintiff knew these facts. Story on Agency, §§ 261, 626 ; 2 Kent's Com. m. p. 629.

JOHNSTON & NELSON, *contra*, cited *Gillespie* v. *Wesson*, 7 Porter, 454 ; *Westmoreland* v. *Davis*, 1 Ala. 299 ; *Mott* v. *Hicks*, 1 Cowen, 513 ; 12 Johns. 444 ; *Harwood* v. *Humes*, 9 Ala. 659 ; *Lazarus* v. *Shearer*, 2 Ala. 218 ; *Hall* v. *Cockrell*, 28 Ala. 507 ; *Taft* v. *Brewster*, 9 Johns. 334 ; *Skinner* v. *Gunn*, 9 Porter, 305.

B. F. SAFFOLD, J. — The suit was by the appellee against the appellant, on an account for printing ; and judgment was rendered under a charge of the court, that if the jury believed the evidence, they must find for the plaintiff. The point of objection made by the appellant to this charge is, that he was the assessor of taxes for Dallas County, and contracted the account for advertisements required to be made ; and that it was the duty of the Commissioners' Court to order its payment, under section 40 of the Revenue Law of 1868. The account was made out against " H. White, tax assessor," and it was shown that he was the tax assessor, and that the work done was the publication of notices required to be made. Upon this evidence the court gave the charge.

The necessary printing of the assessor is not to be done at his expense. But when he contracts for it, he is primarily liable to the printer, unless there is an understanding between them to the contrary. Such an agreement or understanding cannot be inferred from the testimony in this case.

The judgment is affirmed.